Prob 12C
(Rev. 3/95 D/HI)

ORIGINAL

**SEALED BY ORDER OF THE COURT**

**United States District Court**

for the

**DISTRICT OF HAWAII**

*[Filed stamp: UNITED STATES DISTRICT COURT, DISTRICT OF HAWAII, MAY 11 2006, at 11 o'clock and 10 min A M, SUE BEITIA, CLERK]*

U.S.A. vs. <u>RIPINE TALUSA LOPEZ, aka "Ripine Fao"</u>    Docket No. <u>CR 00-00439HG-01</u>

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

COMES NOW CARTER A. LEE, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Ripine Talusa Lopez, aka "Ripine Fao," who was placed on supervision by Chief U.S. District Judge Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 4th day of June, 2001, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

5. That the defendant shall pay restitution of $430.00 to Central Pacific Bank, P.O. Box 3590, Honolulu, HI 96810 Attention: Kenneth Y. Fujita, jointly and severally along with codefendant Palelei immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10% of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release from supervision.

The subject's term of supervised release commenced on 8/6/2004.

On 2/23/2006, the Court modified the subject's conditions of supervised release as follows:

*[Watermark: SEALED BY ORDER OF THE COURT]*

Prob 12C
(Rev. 3/95 D/HI)

2

Mandatory condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Form 7A and Minutes dated 2/23/2006 are attached) as follows:

1. The subject submitted the following urine specimens which tested positive for the following illicit drugs: a) 3/15/2005 urine specimen tested positive for methamphetamine/amphetamine; b) 5/9/2005 urine specimen tested positive for methamphetamine/amphetamine; c) 5/17/2005 urine specimen tested positive for methamphetamine/amphetamine; d) 6/27/2005 urine specimen tested positive for methamphetamine/amphetamine and tetrahydrocannabinol (THC); e) 7/5/2005 urine specimen tested positive for methamphetamine/amphetamine; f) 7/12/2005 urine specimen tested positive for methamphetamine/amphetamine; g) 4/21/2006 urine specimen tested positive for methamphetamine/amphetamine and THC, in violation of the General Condition.

2. The subject refused to provide a urine specimen at Drug Addiction Services of Hawaii, Inc. (DASH), on 6/23/2005, in violation of Special Condition No. 1.

3. The subject refused to participate in substance abuse treatment at Freedom Recovery Services, Inc. (FRS), on 7/9/2005 and 7/10/2005, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 3/95 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on     5/9/2006

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed until such time the defendant has been arrested and the warrant duly executed.

Considered and ordered this 9th day of May, 2006, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re: LOPEZ, Ripine Talusa, aka "Ripine Fao"
Criminal No. CR 00-00439HG-01
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

On 3/16/2005, DASH reported that the subject's 3/15/2005 urine specimen tested positive for amphetamine/methamphetamine with a non-instrumented drug testing device (NIDTD) - MCC kit. Because positive results with the NIDTD kits are considered "presumptive positive results," the urine specimen was sent to Quest Diagnostics (QD) for confirmation. When confronted about the positive result, the subject expressed remorse and admitted to using crystal methamphetamine on 3/14/2005 because "things were going so well." To address his relapse, the subject was admonished and placed in a higher drug testing phase requiring a minimum of 4 urine tests per month.

On 5/9/2005 and 5/17/2005, the subject submitted urine specimens which tested presumptive positive for amphetamine/methamphetamine on NIDTDs at DASH. The specimens were forwarded to QD and later confirmed positive for amphetamine/methamphetamine. On 5/19/2005, the subject reported to the U.S. Probation Office with his two sisters. When confronted about the positive results, the subject expressed remorse and admitted to using crystal methamphetamine on 5/7/2005 and 5/15/2005. He also requested further treatment to address his relapse. During the meeting, the subject's sisters displayed their frustration and concern regarding his poor judgment. They both agreed to provide the subject with additional support and promised to contact this officer if he exhibits any signs of further relapse. To address his relapse, the subject was admonished and placed in the most intensive drug testing phase requiring a minimum of 8 urine tests per month. In addition, he was referred to his previous drug counselor, Stephanie Burch, at Freedom Recovery Services, Inc., Honolulu, Hawaii, for an assessment and additional drug counseling.

As previously reported, at the recommendation of Certified Substance Abuse Counselor Stephanie Burch, the subject was placed in the Day Treatment Program and continued on periodic drug testing.

On 6/27/2005, the subject reported to the U.S. Probation Office for an office visit. After the visit, the subject submitted a urine specimen that was forwarded to QD and later confirmed positive for amphetamine/methamphetamine and marijuana. When confronted about the positive result, the subject admitted to using crystal methamphetamine and marijuana. He attributed his relapse to "long work hours and car problems."

On 7/5/2005, the subject submitted a urine specimen which tested presumptive positive for amphetamine/methamphetamine on an NIDTD at DASH. The specimen was forwarded to QD for further analysis. When confronted about the positive result, the subject admitted to using crystal methamphetamine with "old friends" at Ala Moana

Re: LOPEZ, Ripine Talusa, aka "Ripine Fao"
Criminal No. CR 00-00439HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 3

Beach Park on the 4th of July. He expressed remorse and noted that "for the first time [he] felt bad after [he] took the drug and could stop [himself] halfway." The subject requested further treatment to address his recent relapses. Ms Burch was subsequently contacted to determine an appropriate treatment plan. At her recommendation, the subject continued on the Day Treatment program, was required to attend at least 2 Alcoholics Anonymous/Narcotics Anonymous classes per week, and was required to obtain a sponsor and document additional clean and sober acquaintances he can contact during instances of vulnerability.

On 7/12/2005, Ms. Burch contacted this officer and reported that the subject failed to report for substance abuse treatment on two occasions and submitted a urine specimen on 7/11/2005 that tested positive for amphetamine/methamphetamine and marijuana on an NIDTD at FRS. She added that the subject has been displaying a "bad attitude" during group counseling sessions. On that date, the subject was instructed to report to the U.S. Probation Office and submit to drug testing. The subject reported as instructed and submitted a urine specimen which tested presumptive positive for amphetamine/methamphetamine and marijuana on an NIDTD. When confronted about the positive result, the subject admitted to using crystal methamphetamine on 7/10/2005 with a new acquaintance named "Jess." He advised that he drank alcohol and smoked illicit substances with "Jess" until the "sun came up."

After gaining entrance into the 6-month SAARC inpatient treatment program, Your Honor ordered that the subject remain at SAARC until clinically discharged. On 3/1/2006, the subject completed the inpatient treatment program at SAARC. He subsequently relocated to his older brother's residence in Pauoa, Hawaii, and returned to work at Perry's Smorgy, Waikiki, Hawaii.

Shortly thereafter, on 4/21/2006, the subject submitted a urine specimen which tested presumptive positive for amphetamine/methamphetamine and THC on an NIDTD at the U.S. Probation Office. The specimen was forwarded to Scientific Testing Laboratories, Inc., and later confirmed positive for amphetamine/methamphetamine and THC. When confronted about the positive result, the subject stated that he experienced a "post-lapse" and could not explain why he could not refrain from illegal drug use. He expressed remorse and indicated that he would return to SAARC because he felt comfortable there.

### Violation No. 2 – Refusal to submit to drug testing at DASH on 6/23/2005:

On 6/24/2005, DASH reported that the subject failed to provide a urine specimen on 6/23/2005. On 6/27/2005, the subject reported to the U.S. Probation Office and admitted that he did not report for drug testing because he was "dirty" from

Re: LOPEZ, Ripine Talusa, aka "Ripine Fao"
Criminal No. CR 00-00439HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 4

methamphetamine and marijuana use. The subject expressed remorse and requested the opportunity to continue with substance abuse treatment. After meeting with this officer, the subject submitted a urine specimen that was forwarded to QD and confirmed positive for amphetamine/methamphetamine and marijuana.

### Violation No. 3 – Refusal to participate in substance abuse treatment at FRS on 7/9/2005 and 7/10/2005:

On 7/11/2005, FRS reported that the subject failed to report to substance abuse treatment on 7/9/2005 and 7/10/2005. The subject's counselor, Stephanie Burch, reported that the subject was subsequently contacted and stated that he "had to work." Ms. Burch advised that the subject was previously warned that if he missed any treatment sessions, "there was nothing she could do for him."

Based upon the aforementioned violations and the subject's lack of compliance with Court-ordered conditions, it is recommended that a No Bail warrant be issued and the subject be brought before the Court to show cause why supervision should not be revoked. The subject has not benefitted from the rehabilitation opportunities he received while incarcerated and in the community. Since completing the SAARC inpatient program just over 2 months ago, the subject has tested positive for an illegal drug despite securing a stable residence with his older brother and returning to his prior employer. Given the subject's inability to refrain from substance abuse and history of violence, his conduct indicates he will continue to violate the conditions of his supervised release and present a danger to the community.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

CAL/st

Re:   LOPEZ, Ripine Talusa, aka "Ripine Fao"
      Criminal No. CR 00-00439HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 5

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

## Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To: **RIPINE TALUSA LOPEZ, aka "Ripine Fao"**   Docket No. CR 00-00439HG-01
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 3 years commencing upon release from confinement.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:   RIPINE TALUSA LOPEZ, aka "Ripine Fao"
      Docket No. CR 00-00439HG-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2) That the defendant is prohibited from possessing any illegal or dangerous weapons.

3) That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4) That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

5) That the defendant shall pay restitution of $430.00 to Central Pacific Bank, P.O. Box 3590, Honolulu, HI 968110 Attention: Kenneth Y. Fujita, jointly and severally along with codefendant Palelei immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10% of his monthly gross income. Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
         RIPINE TALUSA LOPEZ, aka "Ripine Fao", Defendant    Date

         _____    _____
         DEREK M. KIM                                Date
         Senior U.S. Probation Officer

# MINUTES

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII

'06 APR 18  P 3 :09

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

February 23, 2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CR. 00-00439 |
| CASE NAME: | U.S.A. vs. (01) RIPINE TALUSA LOPEZ |
| ATTYS FOR PLA: | Wes R. Reber |
| ATTYS FOR DEFT: | Donna M. Gray |
| U.S.P.O.: | Carter A. Lee |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | Stephen Platt |
| DATE: | February 23, 2006 | TIME: | 1:30 - 2:00 p.m. |

COURT ACTION:  FURTHER HEARING ON ORDER TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED -

The defendant is present in custody.

Ms. Gray reported to the Court that the defendant will complete his residential treatment program on March 1, 2006. He will reside with his brother after his graduation from the Salvation Army Adult Rehabilitation Center, will be participating in the AA 12 step program, and have accepted employment with is former employer.

Government's Oral Motion to Withdraw Order to Show Cause Why Supervised Release Should Not Be Revoked is GRANTED.

The Court ORDERED an additional condition of supervised release:

> That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the terms of supervision.

Submitted by: David H. Hisashima, Courtroom Manager